## Morgan's Estate.

*Decedent's estate—Harmless error in stating account.*

The question being one of fact as to what was the exact balance due an annuitant at the time of the latter's death, a mistake in calling part of the fund surplus instead of annuity, which did the annuitant no harm, may not be taken advantage of by the representative, when the uncontradicted evidence explanatory of the mistake conclusively repels any possible inference that the annuitant was entitled to more than had been paid her representative.

Argued April 17, 1900. Appeal, No. 21, April T., 1900, by D. T. Watson, executor and trustee under the will of D. T. Morgan, deceased, from decree of O. C. Washington County, Feb. T., 1898, No. 36, in distribution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by RICE, P. J.

Exceptions to citation to compel executor to pay balance of an annuity alleged to be due and unpaid to Nancy A. Morgan under the terms of the will of D. T. Morgan, deceased. Before TAYLOR, J.

The facts sufficiently appear in the opinion of the court.

The court decreed that the executor of the estate of D. T. Morgan pay to the executor of the estate of Nancy A. Morgan, deceased, the sum of $65.00 with interest and costs of this proceeding. D. T. Watson, executor, appealed.

*Error assigned* among others was (2) in not finding that the full amount of money due to Nancy A. Morgan, or her estate, under the provisions of the will of D. T. Morgan, deceased, bequeathing her, during her natural lifetime, the yearly sum of $600 has been paid.

*Johns McCleave*, with him *John S. Wendt* and *W. M. Dougan*, for appellant.

*Norman E. Clark*, with him *William I. Berryman*, for appellee.

OPINION BY RICE, P. J., October 8, 1900 :

David T. Morgan died October 6, 1883, leaving a will in which he gave to Lauretta T. Morgan an annuity of $3,000 payable quarterly, and Nancy A. Morgan an annuity of $600 payable semiannually. After payment of the legacies and other charges he devised the residue of his estate to Lauretta T. Morgan, Nancy A. Morgan, Jane G. Watson and Annie M. Morgan, giving to Jane G. Watson three sixths and to each of the others one sixth. Nancy A. Morgan died April 6, 1897, and in the following year the orphans' court, at the instance of her executor, awarded a citation upon the appellant, the executor and trustee under the will of David T. Morgan, to show cause why he should not pay the sum of $65.00, it being alleged by the petitioner that the balance of annuity due Nancy A. Morgan at her death was $150, of which $85.00 had been paid to the petitioner, and it being alleged by the respondent that the $85.00 payment was all that was due. The court below found in favor of the petitioner's contention and from its decree this appeal was taken.

Although under the will the annuity was payable semiannually, it appears that beginning in 1886, it was actually paid in quarterly instalments of $150 each on or about the 15th day of February, May, August and November in each year. The starting point of this computation was November 16, 1885, and assuming for a moment that the annuity had been paid. up to that date, it is apparent that the amount due at the death of the annuitant was only $85.00, as the appellant claims. The question of fact upon which the case turns is whether or not the annuity accruing between October 6, 1883, the date of the death of the testator, and November 16, 1885, was paid. This question arises in this way. To No. 39, February term, 1886, the trustee filed an account from which we make the following extract :

1885.

Nov. 16    Net income 2 years                                    $7,940.02
Accountant claims credit for distribution
    of income as follows :-
Lauretta T. Morgan, under the will, $3,000
    per annum for 2 years                    $6,000.00
Less amount assigned to Jane G. Watson,  2,000.00
                                                          ──────────
Amount payable to L. T. Morgan               4,000.00

Jane G. Watson assigned to her from
    Lauretta T. Morgan $1,000 per annum    $2,000.00

Nancy Morgan, under the will, $600 per
    annum for 2 years                        $1,200.00   7,200.00
                                                        ──────────
Bal. of income after paying $7,200, above,                 $740.02

Accountant claims further credit for distribution of income
as follows, said $740.02 being divided into six shares and paid
out as follows, under the will:

1885.
Nov. 16.   Lauretta T. Morgan,   1/6    .    .    $123.34
           Jane G. Watson,       3/6    .    .     370.00
           Nancy Morgan,         1/6    •    .     123.34
           Annie Morgan,         1/6    .    .     123.34

The true interpretation of this account is, that the sum of
$7,940.02 was the net revenue of the estate from the date of
the death of the testator, namely October 6, 1883, up to the
date of the accounting, namely November 16, 1885, and this is
in accordance with the uncontradicted parol testimony of the
draftsman of the account which we quote : " I started with the
sum of $7,940.02 to distribute in accordance with the terms of
the will; out of that amount Mrs. Nancy Morgan was entitled
to receive $1,265 as annuity, and the sum of $58.34, her
share of the surplus; these two amounts make $1,323.34.   In
stating the account I set off to her as annuity, $1,200, and as
surplus $123.34, the total being the same as the first mentioned
figure.   I, therefore, saw to it that Mrs. Nancy Morgan re-
ceived her annuity at the rate of $50.00 per month from the
death of Mr. Morgan up to November 16, 1885, and further
that she obtained one sixth of the surplus revenue.   From and

after that date, November 16, 1885, Mrs. Nancy Morgan and her representatives have received from this estate an annuity of $600 per annum, together with a share in the surplus." Such being the case, the proper mode of determining the amount of the surplus for distribution was to deduct the amount of the annuities that had accrued up to that date. If this course had been pursued in stating the account, Nancy A. Morgan would have received precisely the same amount, but it would have been subdivided differently. That is to say, instead of $1,200 income and $123.34 surplus, total $1,323.23, she would have received $1,265 income for two years and thirty-nine days, and $58.34 surplus, total $1,323.34. As already pointed out, the course of dealing between her and the trustee shows almost conclusively that they regarded the annuity as paid up to November 16, 1885, for during all the subsequent years they treated November 16, instead of October 6, the anniversary of the death of the testator, as the date from which to compute the annuity. This significant fact, taken in connection with the uncontradicted evidence explanatory of the mistake in stating the account, conclusively repels any possible inference that the annuity for the thirty-nine days between the date of the testator's death and November 15, 1883, was not paid. The mistake in calling this part of the total sum of $1,323.34, surplus instead of annuity, did the annuitant no harm, and no equity that we can discover precludes the appellant from showing it.

The decree is reversed and the petition dismissed at the costs of the appellee. ·